### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID KINKAID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-09-0068-F |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant's Motion for Summary Judgment, filed June 11, 2009 (doc. no. 14). Upon due consideration of the parties' submissions, the court makes its determination.

Plaintiff originally filed this action in the District Court of Kay County, State of Oklahoma, on June 6, 2008. Defendant removed the action to this court on January 15, 2009, pursuant to 28 U.S.C. § 1441, on the basis that the court has diversity jurisdiction over the action under 28 U.S.C. § 1332. In the petition, plaintiff seeks compensatory damages for personal injuries sustained when he fell on defendant's premises while grocery shopping. Plaintiff alleges that defendant negligently failed to maintain its premises in a reasonably safe condition, negligently failed to warn plaintiff of a hidden danger on its premises and negligently created an unreasonably dangerous condition on its premises. Plaintiff seeks punitive as well as compensatory damages, asserting that defendant's acts or omissions were willful and wanton and were committed in reckless disregard for the safety of plaintiff and defendant's other business invitees. Defendant asserts that it is entitled to judgment as a matter of law on plaintiff's claims.

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that, "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

The relevant facts are undisputed or viewed in a light most favorable to plaintiff, the non-moving party. On June 16, 2006, plaintiff went to Wal-Mart in Ponca City, Oklahoma, to do his weekly grocery shopping. He arrived at the store at 5:30 a.m. Plaintiff eventually came to an area where shelves were being stocked with merchandise. There were approximately three to five aisles with floors covered with brown cardboard box top lids. The box top lids had been cut from boxes containing the merchandise being put on the shelves. The aisles were not closed and there was no warning about the box top lids. Plaintiff asked an employee, who was stocking the shelves, if it was okay to go up and down the aisles. The employee answered in the affirmative. Because plaintiff could not push his shopping cart down the aisle, plaintiff left his cart at the end of the aisle and walked down the aisle to get the item he wanted. Plaintiff continued shopping in the aisles covered with the box top lids, leaving his shopping cart at the end of each aisle and walking down each aisle to

retrieve his items. Plaintiff would try to step over and around the box top lids in order to walk on the tile floor. Plaintiff did step on some of the box top lids in retrieving his groceries but did not have any problems at first. None of the box top lids that he stepped on slipped, turned on him or moved his leg in any awkward position.

When plaintiff arrived at the aisle where the accident occurred, he again saw box top lids on the floor. As with the other aisles, he left his cart at the end of the aisle and walked down the aisle. Upon retrieving his grocery item, plaintiff turned back toward the cart, and his feet, which were standing on two box top lids, immediately went out from under him. Plaintiff fell, hitting his head and left wrist. He also injured his left knee.

At the time of the accident, Wal-Mart had a policy that when stocking merchandise during operating hours, employees were to place the box top lids in shopping baskets rather than on the floors of the aisles.

In its motion, defendant contends that it is entitled to summary judgment on plaintiff's claims because the brown box top lids on the white tile floor of its store constituted an open and obvious condition. Because the box top lids were an open and obvious condition, defendant contends that it did not have duty to warn plaintiff of the dangers of the box top lids. Defendant asserts that plaintiff was aware of the danger of walking on box top lids. He knew that the box top lids could pose a slip and fall danger but chose to walk down the aisle and step on the box top lids anyway. Since Wal-Mart did not have a duty to warn plaintiff of an open and obvious condition, defendant contends that plaintiff cannot recover on his claims against defendant.

Plaintiff, in response, asserts that the danger created by the box top lids was not open and obvious to plaintiff as he shopped. According to plaintiff, an object can be observable but still have an otherwise deceptive or hidden danger. The box top lids,

plaintiff argues, created a deceptively innocent appearance of safety to him, cloaking their real danger. Plaintiff asserts that the box top lids were cluttered throughout the aisles, despite Wal-Mart's policy not to leave box top lids on the aisle floor when stocking. Plaintiff contends that the fact that Wal-Mart had a policy in regard to the box top lids shows its superior knowledge about the real danger the box top lids can cause if left on aisle floors. In addition, plaintiff contends that Wal-Mart, through its employee, encouraged plaintiff to walk over the box top lids, which fortified the deceptively innocent appearance of the box top lids. Plaintiff contends that he could reasonably assume that if the Wal-Mart employee said it was okay to walked into the aisle, then the box top lids did not create a danger to him. Further, plaintiff contends that he had no reason to fully appreciate the risk involved because he had walked on some of the box top lids without experiencing any problems. Plaintiff asserts that there are genuine issues of material fact as to whether the danger of the box top lids constituted an open and obvious condition, for which reason defendant is not entitled to summary judgment.

In reply, defendant contends that plaintiff's deposition testimony clearly demonstrates that he was fully aware of the danger the box top lids presented. According to defendant, plaintiff fully appreciated that walking on box top lids was not as safe as walking on the tile floor because he "possibly could" slip and fall if one of the box top lids gave way. Defendant contends that plaintiff's argument that he could reasonably assume that the box top lids did not create a danger because the Wal-Mart employee told him he could go down the aisle is contradicted by his deposition testimony. In any event, because the danger was open and obvious, defendant contends that the employee had no duty to warn plaintiff of the danger. Further, defendant asserts that the fact Wal-Mart may have not followed its policy in regard to the placement of box top lids in a shopping basket does not alter the controlling

4

legal standard and does not give rise to liability for plaintiff's claims. Defendant asserts that its liability is judged by the standard set by Oklahoma law and not by any heightened standard which Wal-Mart has set for itself. Defendant contends that, under Oklahoma law, the danger created by the box top lids was open and obvious to plaintiff, thus precluding any conclusion that defendant violated any duty to warn the plaintiff.

In order to prevail on his claims for negligence, plaintiff must establish: (1) a duty owed by the defendant to the plaintiff to use ordinary care, (2) a breach of that duty, and (3) an injury proximately caused by the defendant's breach of duty. Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1563 (10th Cir. 1993). A business owner owes a duty to its invitees or customers to exercise ordinary care to keep aisles and other parts of the premises used by invitees in transacting business in a reasonably safe condition. *Id.* A business owner also must warn customers of dangerous conditions on the premises which are known or should reasonably be known by the owner. *Id.* There is no duty, however, to protect or warn an invitee about dangers readily apparent and observable and which would be discovered by the invitee in the exercise of ordinary care. *Id.*

Upon review of the evidence in a light most favorable to plaintiff, the court concludes that the danger presented by the box top lids was readily apparent and observable. The box top lids were not obscured or hidden. As plaintiff testified, they were "from wall to wall and end to end." *See*, plaintiff's motion, Ex. A, p. 26, l. 22. The court concludes that reasonable people could not differ as to the fact that the box top lids covering the floor in the aisles posed an open and obvious danger of a slip and fall. In the court's view, there are no conflicting inferences that can be drawn from the facts and circumstances in the evidence as to whether the hazard was hidden. The court also concludes that there are no conflicting inferences that can be drawn as to

whether the box top lids had a deceptively innocent appearance. Although the Wal-Mart employee told plaintiff he could go up and down the aisle, and plaintiff was able to go up and down some of the aisles without problems, plaintiff still knew that he could possibly slip on the box top lids. Plaintiff's deposition testimony demonstrates that he was fully aware of the danger that the box top lids presented.[1] The court

---

[1] In his deposition, plaintiff testified:

> Q. When you were walking down these aisles – Let me ask you this. When you parked your cart and walked down an aisle that was covered with box tops, did you have any problems walking or did some of those things shift a little bit? I mean, what did you experience?
>
> A. Well, I mean, some were covered and some were spaced. So you'd have tile, box top, box top, you know. So you tried to pick your steps as you went through there.
>
> Q. And why did you try to pick your steps as you went through there?
>
> A. Just thought it was probably safer to do that.
>
> Q. How come?
>
> A. Cause it's normal to walk on tile.
>
> Q. Okay. And were you -- I mean, you said that your noticed these box top lids on the aisle floor and so you would try to step over and around the box top lids. Is that right?
>
> A. Yes.
>
> Q. And the reason you did that is because you thought it would be safer to step on the tile than the box top lid; correct?
>
> A. Yes.
>
> Q. And the reason you tried to avoid the box top lids is because there's a potential if you step on one of those things it could give way and it might cause you to fall, correct?

6

concludes that the cases cited by plaintiff are distinguishable and do not warrant a finding that the issue of whether a duty existed under the circumstances of this case is a question for the jury. The court concludes that the fact that Wal-Mart had a policy to keep the box top lids off the floor does not demonstrate, as argued by plaintiff, that Wal-Mart had superior knowledge about the real dangers of the box top lids. Plaintiff's deposition testimony shows that he had equal knowledge of the danger posed by the box top lids. The court concludes that the danger of the box top lids was open and obvious. The court therefore finds that defendant had no legal duty to protect plaintiff from or warn plaintiff of the danger of the box top lids. Because there is no duty, the court finds that plaintiff cannot prevail on his claims. Southerland v. Wal-Mart Stores, Inc., 848 P.2d 68, 70 (Okla. Ct. App. 1993) ("[W]here there is no duty, there can be no negligence."), *see also*, Scott v. Archon Group, L.P., 191 P.3d

---

> A. I didn't -- you know, I didn't know that would happen, but it possibly could.
>
> \* \* \* \*
>
> Q. In your opinion, thinking back to that day, in your opinion, was it safer to walk on the aisle floor or on the box top lids?
>
> A. You would assume it was safer to walk on the floor.
>
> Q. What's your opinion, was it safer to walk on the floor?
>
> A. Sure.
>
> \* \* \* \*
>
> Q. You would agree back then you knew it was better to walk on tile than it was to walk on cardboard; correct?
>
> A. Common sense would tell you that.

*See*, plaintiff's motion, Ex. A, p. 28, ll. 5-25, p. 29, ll. 1-8, 10-11, l. 25, p. 30, ll. 1-7, plaintiff's reply, Ex. A, p. 76, ll. 13-16.

1207, 1212 (Okla. 2008) ("[T]here can be no negligence in the absence of defendant's duty to the plaintiff."). The court therefore concludes that defendant is entitled to summary judgment on plaintiff's claims.

Based upon the foregoing, Defendant's Motion for Summary Judgment, filed June 11, 2009 (doc. no. 14), is **GRANTED**. Judgment will issue forthwith.

DATED October 13, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0068p008 rev .wpd